**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**LIBERTY MUTUAL INSURANCE COMPANY**                           **PLAINTIFF**

**V.**                                                                    **CASE NO. 3:04CV220**

**UNIVERSAL STEEL BUILDINGS, INC.**
**GOODWIN ENTERPRISES, INC.**
**ROBERT V. KENNINGTON, SUZANNE E. KENNINGTON**
**DONALD STRIDER, FRAN J. STRIDER**
**HOUSTON K. GOODWIN, JUDY GOODWIN**             **DEFENDANTS**

**ORDER**

This cause comes before the court on appeal of the Magistrate Judge's decisions [40] by Jessie Wayne Doss, Jr. in which he requests leave to withdraw from the instant matter and further requests that William M. Beasley be reinstated as counsel of record.

On December 8, 2004, Liberty Mutual Insurance Company filed suit against Universal Steel Buildings, Inc. ("Universal Steel"), Goodwin Enterprises, Inc., Robert V. Kennington, Suzanne E. Kennington, Donald Strider, Fran J. Strider, Houston K. Goodwin, and Judy Goodwin. Universal Steel, Robert Kennington, Suzanne Kennington, Donald Strider and Fran Strider hired Beasely and Doss, both employed by Phelps Dunbar, to defend them. The instant matter was delayed as a number of the defendants went into bankruptcy. While those defendants were in bankruptcy, Doss left Phelps Dunbar and accepted a position with Webb, Sanders, & Williams, PLLC.

On October 29, 2008, this court lifted the bankruptcy stay. Beasley, of the Phelps Dunbar firm, requested leave to withdraw as an attorney in this matter on November 21, 2008. The Magistrate Judge granted Beasley's request four days later. On November 26, 2008, Doss

requested permission to withdraw. That request was denied on December 10, 2008. Doss then filed the instant appeal.

On appeal from a ruling by the Magistrate Judge, this court will grant relief only if the opposing party shows the decision was clearly erroneous or contrary to the law. Fed. R. Civ. P. 72(a).

Allowing an attorney to withdraw from representing a party is within the complete discretion of the court. In order to prevail on his appeal Doss must show that the Magistrate Judge's decision was so far outside her discretion as to be clearly erroneous.

While it is unfortunate that Beasley got out of the case first, it is well settled that a corporation must be represented by an attorney. *See, e.g., Southwest Express Co., Inc. v. Interstate Commerce Commission*, 670 F.2d 53, 55-56 (5th Cir. 1982). Doss is that attorney for Universal Steel. Doss also must remain as counsel for his individual clients. It defies reason for Doss to have to remain in this matter for the corporate defendant and not to represent the individuals that direct Universal Steel.

This court's policy is to allow attorneys to withdraw only in three circumstances: (1) when the rules of professional responsibility make it untenable for an attorney to continue; (2) when substitute counsel has been obtained by a party; or, (3) when a party makes a clear, unequivocal and intelligent decision to proceed *pro se*. None of these circumstances are contemplated by this appeal.

Personal representation is a hallmark of our justice system. Doss alleges that he worked for Beasley in this matter and he was never the defendants' personal representative. However, Doss made an appearance as a named attorney in this case. The Mississippi Rules of Professional Conduct generally apply to individual lawyers and not to the law firms employing

them. Mississippi Rule of Professional Conduct 5.2(1) specifically states, "[a] lawyer is bound by the rules of professional conduct notwithstanding that the lawyer acted at the direction of another person." It is of little consequence that Doss answered to Beasley. Beasley is out of the case and Doss is the sole remaining attorney. These defendants are his clients and Doss may not reject them now. Doss' withdrawal at this point would leave his clients without counsel.

The Magistrate Judge's decision not to allow Doss to withdraw is affirmed.

Doss also questions the Magistrate Judge's decision to allow Beasley to withdraw. The appeal of this decision should be raised by the named clients, not Doss in his own name. Doss has no concrete interest in this decision and no standing to raise this issue.

The Magistrate Judge's decision not to allow Doss to withdraw is AFFIRMED. Doss' appeal of the decision to allow Beasley to withdraw is DISMISSED for lack of standing.

This the 18th day of December, 2008.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**