IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LIBERTY MUTUAL INSURANCE COMPANY**                                    **PLAINTIFF**

**V.**                                                                  **CASE NO. 3:04CV220**

**UNIVERSAL STEEL BUILDINGS, INC.**
**GOODWIN ENTERPRISES, INC.**
**ROBERT V. KENNINGTON, SUZANNE E. KENNINGTON**
**DONALD STRIDER, FRAN J. STRIDER**
**HOUSTON K. GOODWIN, JUDY GOODWIN**                                    **DEFENDANTS**

## ORDER

This cause comes before the court on the summary judgment motions [46, 60] of defendants/cross-claimants, Houston K. Goodwin and Judy Goodwin, and defendants Suzanne E. Kennington and Fran Strider.

The manner in which these parties have sought resolution is unusual in this court. Neither group has filed a memorandum in support of their position. Likewise neither group has substantively responded to the other's motion for summary judgment. The following facts have been put forth as undisputed.

Liberty Mutual Insurance Company ("Liberty Mutual") filed this suit alleging defendant, Universal Steel Buildings, Inc. ("USBI"), had defaulted on a construction surety bond. Defendants, The Goodwins, Robert V. Kennington, Suzanne Kennington, Donald B. Strider, Jr., and Fran Strider, all personally guaranteed the bond. The Goodwins initially owned USBI, but sold it to Robert Kennington and Donald Strider in 1998. Kennington owned fifty-one percent of the business and acted as its president. Strider owned the remaining forty-nine percent of the business.

USBI completed the work the bond covered, but failed to pay some of its subcontractors. Even though the subcontractors had not been paid, Robert Kennington executed an affidavit which Liberty Mutual relied on in approving final payment to USBI. This affidavit stated all debts and obligations for the project had been paid. In reality the three unpaid subcontractors were owed $387,715.56. Liberty Mutual paid them that amount as required by the contract.

The contract between the parties held each guarantor jointly and severally liable for any failure to comply with the covenants or conditions of the agreement. This liability extended to include attorneys' fees.

The Kenningtons and Striders filed for bankruptcy while this suit was pending. The court stayed this matter while the individual defendants were in bankrupcty. During that period, the Goodwins purchased the claim of Liberty Mutual for $365,000.

The bankruptcy court discharged the debts of Suzanne Kennington and Fran Strider. However, that court dismissed the cases of USBI, Robert Kennington, and Donald B. Strider. The bankruptcy proceedings revealed the not discharged defendants had received payments for debts and obligations and then used that money for personal gain. Further the proceedings showed these parties failed to keep proper records and misused corporate funds. These failures eliminated the legal distinction between USBI and its principals.

Standing in the place of Liberty Mutual, the Goodwins now seek contribution from the remaining defendants and pre- and post-judgment interest, attorneys' fees, and punitive damages from Robert Kennington. The Goodwins argue they have no liability because Robert Kennington perpetrated a fraud upon Liberty Mutual for which they are entitled to recover. Suzanne Kennington and Fran Strider assert they are entitled to summary judgement based on their bankruptcy discharge.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

Suzanne Kennington and Fran Strider had their debts, including those owed to Liberty Mutual and Goodwin Enterprises, discharged in bankruptcy. All parties are in agreement these two defendants are entitled to have the claims against them dismissed.

The court next addresses the fraud allegedly perpetrated by Robert Kennington.[1]

In order to sustain a fraud claim a plaintiff must prove the defendant (1) made a material misrepresentation; (2) knew of the falsity of his statement; (3) intended that the representation be acted on; (4) the plaintiff was unaware of the falsity of the statement; and (5) the plaintiff suffered damages. *Rankin v. Brokman*, 502 So.2d 644, 646 (Miss. 1987); *Williams v. McClain*, 176 So. 717, 719 (Miss. 1937). All elements of a fraud claim must be proved by clear and

---

[1] Kennington actually executed the affidavit in question as President of USBI. However, the court considers USBI and Kennington to be one indistinguishable entity. This is based on the same finding by the bankruptcy court and Kennington's own testimony that he could not tell the difference between his and USBI's finances.

convincing evidence. *Bank of Shaw v. Posey*, 573 So.2d 1355, 1360 (Miss. 1990).

Normally, the clear and convincing evidence standard would itself preclude summary judgment in favor of a plaintiff. However, Kennington admits he made a false statement in an affidavit in order to get Liberty Mutual to release funds to him. Liberty Mutual relied on that false statement and incurred damages in the amount of $387,715.56. Kennington has offered nothing to rebut these facts. Fraud is established. As such the court finds the Goodwins, standing in the place of Liberty Mutual, are entitled to summary judgment on this claim. The Goodwins shall be awarded $387,715.56.

The Goodwins may also be entitled to reasonable attorneys' fees as provided for by the contract. However, no evidence of fees has been submitted to the court. As such the court can not make a determination as to any award on that claim and the Goodwins' motion is denied to the extent it seeks attorneys' fees. Likewise the Goodwins seek pre-judgment interest without support in their motion or exhibits. The court will deny that portion of the motion.

The Goodwins also seek punitive damages in this case. Punitive damages are available in fraud cases. However, the Mississippi Supreme Court has stated punitive damages "do not follow as the day the night every finding that a defendant has been guilty of fraud." *Gardner v. Jones*, 464 So.2d 1144, 1148 (Miss. 1985). Instead punitive damages are only available in "extreme cases." *Id.*

The Goodwins have furnished no authority establishing this matter to be "extreme" as a matter of law. Likewise the court finds no such authority. The Goodwins motion for summary judgment on this claim is denied and this question shall be resolved at trial.

The court next addresses the issue of contribution. The court finds *Williams v. Owens* to be sufficiently analogous to show state law requires equitable contribution in this instance. 613

So.2d 829 (Miss. 1993). In *Williams* the court held "[t]he right of contribution between co-makers [of a note] is equitable in nature and rests upon an implied contract of reimbursement." *Id*. at 835. The general rule is that one who is compelled to pay more than his share of a joint debt is entitled to contribution from the others also liable for payment. *Id.* (citing *Celotex Corp. v. Campbell Roofing and Metal Works, Inc.*, 352 So.2d 1316, 1318 (Miss. 1977).

It is undisputed that the Goodwins paid $365,000 to settle a legitimate claim for which all the defendants were jointly and severally liable. Robert Kennington and Donald Strider remain liable should the claim have remained unsettled. Equitably, each of the four defendants should pay an equal share as each made a personal guarantee. The court finds Kennington and Strider individually liable to the Goodwins for $91,250 each.

This equitable remedy is secondary to the damages awarded on the fraud claim. Kennington is liable for the entire amount due Liberty Mutual. His liability for an intentional tort is not entitled to contribution. However, Kennington is unlikely to make good on this judgment. Joint and several liability required the Goodwins to honor the claim made against them. They are entitled to contribution, but not to a double recovery. Thus Strider is entitled to a one third reduction in his liability for any amount over $91,250 collected from Kennington.

The court grants summary judgment in favor of the Goodwins in the amount of $387,715.56 against Robert Kennington. The court also grants a judgment in favor of the Goodwins in the amount of $91,250 against Donald Strider. The judgment against Strider shall be reduced by one third of any collection over $91,250 from Kennington. The court dismisses the claims against Suzanne Kennington and Fran Strider. The court denies the request for punitive damages, pre-judgment interest and attorneys' fees made against Robert Kennington, reserving those issues for trial.

The Goodwins' summary judgment motion is GRANTED IN PART and DENIED IN PART. The summary judgment motion of Suzanne Kennington and Fran Strider is GRANTED.

This the 7th day of August, 2009.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**